MARTHA I. BABBITT & another vs. JOHN M. SHEARER.

Franklin.    September 18, 1906. — October 16, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Practice, Civil*, Costs.

In an action of tort in the nature of trespass *quare clausum fregit,* where no right to an easement or a title to land is drawn in question, if the plaintiff obtains a verdict for more than $20 and afterwards by requirement of the presiding judge as an alternative to the setting aside of the verdict as excessive remits all of the damages in excess of $20, under R. L. c. 203, § 5, he can recover no costs.

In an action for a trespass to land, if the trespass was casual and involuntary and the defendant tenders the damages, disclaims title and makes a payment into court in accordance with the requirements of R. L. c. 185, § 8, and if a verdict for more than the amount tendered is reduced by the plaintiff's voluntary act to less than the amount tendered, *semble* that the defendant is entitled to recover his costs.

KNOWLTON, C. J.    This is an appeal from a taxation of costs in favor of the surviving plaintiff.    The action was tort for trespass *quare clausum fregit,* and the jury returned a verdict for damages in the sum of $37.50.    This, on the defendant's motion to set it aside as excessive, was ordered to be set aside, and a new trial was to be granted unless the surviving plaintiff should remit all in excess of $20.    Thereupon she filed a paper remitting all the damages above $20, and judgment was ordered in her favor.    Costs for the plaintiff were taxed by the clerk in the sum of $93.33, and, upon appeal by the defendant, this taxation was affirmed by a judge of the Superior Court.

The plaintiff's action in remitting all of the damages in excess of $20 had the same effect as if the verdict had been originally returned for that sum.    This, then, is a personal action commenced in the Superior Court, in which the plaintiff does not recover final judgment for more than $20 for debt or damages, and in which there is no certificate by the justice before whom the action was tried that the right to an easement or the title to land was drawn in question, and in which no such right or title was in fact drawn in question ; for the defendant in his answer admitted the title of the plaintiffs.    It comes within the language

of R. L. c. 203, § 5, which provides that a plaintiff shall recover no costs in such an action.

The R. L. c. 174, § 12, in regard to tender, has no application to this case, as it relates only to liabilities on contracts.

The defendant averred in his answer that, before the above action was commenced, he made a tender of $30 under the R. L. c. 185, § 8, which provides for such a tender by a trespasser if the trespass was casual and involuntary. To make such a tender effectual, if it is not accepted, the defendant must bring the money into court, disclaim title, and allege the tender, and that the trespass was casual and involuntary. If it is found on the trial that the allegations are true, and if the damages assessed are not more than the amount tendered, the defendant recovers his costs. In this case, if tender was made, it was not accepted, and the record shows nothing about it except the defendant's averment of the fact that the money was brought into court. So far as appears, the case was tried without reference to this defence, and there is nothing to indicate that the trespass was involuntary. The defendant's averment in his answer is of no effect except to present the issue. We cannot assume that this is a case to which this statute applies. The plaintiff's brief and argument, as well as the record, indicate that at no time has she treated the case as coming under this statute. We must deal with it as if no averment of tender had been made and no money had been brought into court.

If it were otherwise, and the tender had been authorized by the law and the facts, the final assessment of damages, by the plaintiff's voluntary act, at less than the amount tendered, would entitle the defendant to a judgment for costs.

Under the statute first cited the order of taxation is reversed, and the plaintiff will take no costs.

*So ordered.*

*W. A. Davenport,* for the defendant.
*A. P. Carpenter,* for the plaintiff.